**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

REDIN NAIN BANEGAS MURILLO,
PEDRO ERNESTO LOPEZ CERDA, and
SANTOS TEOFILO RAMOS,

Petitioners,

v. CIVIL ACTION NO. 3:26-0697

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition for Habeas Corpus relief filed by Petitioners, including **Redin Nain Banegas Murillo** and **Pedro Ernesto Lopez Cerda**. ECF No. 1.[1]

Petitioners allege that their detention violated (1) the Fifth Amendment's Due Process Clause and (2) 8 U.S.C. § 1226(a) and its implementing regulations. *See* Pet. ¶¶ 32-48, ECF No. 1. Specifically, Petitioners allege that "no immigration officer . . . has conducted an individualized

[1] Petitioner **Santos Teofilo Ramos** was not included in Petitioners' Notice. ECF No. 9.

custody determination assessing whether Petitioners' continued detention is necessary to address flight risk, danger to the community, or the availability of conditions of release." *Id.* ¶ 21. Petitioners were arrested on the morning of November 1, 2026, within the interior of the United States, in or around Hurricane, West Virginia, following a traffic stop. *Id.* ¶ 1. They were then transported to the ICE processing facility in Poca, West Virginia. *Id.* ¶ 18. The Petition was initially entered around 10:32 AM on the same day. *See id.*[2]

As to Petitioner **Banegas Murillo**, Respondents acknowledge that the Court's prior decision in *Carcamo Lopez v. Venturella*, No. 3:26-cv-674 (S.D. W. Va. Nov. 3, 2026) "may be applicable here if the Court adheres to that decision." Banegas Murillo Resp. at 2, ECF No. 7. Furthermore, Respondents "believe[] this matter can be decided without a hearing." *Id.* Likewise, Petitioner **Banegas Murillo** has "no objection to this Court granting the petition and ordering [his] release prior to the filing of a reply brief and without a hearing[.]" Pets.' Notice at 1, ECF No. 9.

The Court finds that Respondents have failed to provide Petitioner **Banegas Murillo** with the fundamental features of due process—notice and an opportunity to be heard—in violation of 8 U.S.C. § 1226(a) and its implementing regulations and in violation of the Constitution's Due Process Clause. The record reflects that Respondents have failed to (1) meaningfully exercise their discretion as in *Escamilla v. Venturella*, No. 3:26-cv-662 (S.D. W. Va. Oct. 30, 2026), ECF No. 25; and (2) provide the basis for their purported custody determination as in *Carcamo Lopez v. Venturella*, No. 3:26-cv-674 (S.D. W. Va. Nov. 3, 2026), ECF No. 14. Thus, this Court's opinions in *Escamilla* and *Carcamo Lopez* are adopted and form the basis for this brief opinion.

As to Petitioner **Lopez Cerdo**, Respondents acknowledge that the Court's prior decisions in *Simanca Gonzalez v. Aldridge*, No. CV 3:26-0055, 2026 WL 313476 (S.D.W. Va. Feb. 5, 2026)

---

[2] The Court need not address Counts Four or Five of the Petition to grant relief. *See* Pet.

and *Uulu v. Aldridge*, No. CV 3:26-0073, 2026 WL 401200 (S.D.W. Va. Feb. 12, 2026) and the Fourth Circuit's opinion in *Lopez Garcia v. Guadian*, 190 F.4th 305 (4th Cir. 2026) "may be applicable here if the Court adheres to its prior decisions and adopts the broad language in *Garcia* as applied to the facts of this case." Lopez Cerdo Resp. at 2-3, ECF No. 8. Furthermore, Respondents "believe[] this matter can be decided without a hearing." *Id.* at 3. Likewise, Petitioner **Lopez Cerdo** has "no objection to this Court granting the petition and ordering [his] release prior to the filing of a reply brief and without a hearing[.]" Pets.' Notice at 1.

The Court finds that Respondents have improperly subjected Petitioner **Lopez Cerdo** to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)—in violation of the Immigration and Nationality Act and the Constitution's Due Process Clause. This Court's analysis of § 1225(b)(2)(A) has not changed. *See Simanca Gonzalez*, 2026 WL 313476; *Uulu* 2026 WL 401200. "Section 1226, not Section 1225, applies to noncitizens who . . . have been present in the United States for years *regardless of how they entered our country*." *Lopez Garcia*, 190 F.4th at 318 (emphasis added). Thus, this Court's prior opinions in *Simanca Gonzalez* and *Uulu* and the Fourth Circuit's opinion in *Lopez Garcia* are adopted and form the basis for this brief opinion.

Accordingly, the Petition, ECF No. 1, is **GRANTED**, as to Petitioners **Banegas Murillo** and **Lopez Cerda**, and Respondents' Motions to Dismiss, ECF Nos. 7 and 8, are **DENIED**.

The Court also finds that any hearing scheduled as a result of Petitioner **Banegas Murillo**'s request for review is now moot and must be suspended. *See* Ex. 1 to Banegas Murillo Resp. at 6, ECF No. 7-1. Where a petitioner alleges that an immigration officer has failed to provide any substantive determination of their own, an immigration judge's review would "effectively collaps[e] the two-step [appeal] framework into a single substantive determination by the Immigration Judge." *A.J.P.S. v. Benzel*, No. 1:26-CV-11858, 2026 WL 3131270, at *4 (D.N.J.

Oct. 19, 2026). Accordingly, the Court **ORDERS** that Respondents are **PROHIBITED** from enforcing any Notice to Appear or otherwise subjecting Petitioner **Banegas Murillo** to any penalty for any failure to appear at any scheduled hearing related to his request for review.

The Show Cause Hearing previously scheduled for Thursday, November 5, 2026, is **CANCELED** as to Petitioners **Banegas Murillo** and **Lopez Cerda**.

Respondents are **ORDERED to PROMPTLY RELEASE** Petitioners **Redin Nain Banegas Murillo** and **Pedro Ernesto Lopez Cerda TODAY**, as soon as possible, upon arrival of a ride at their current place of detention. Respondents are **ORDERED** to facilitate the prompt return of all property seized incident to Petitioners' detention, including legal documents. Respondents are **DIRECTED** to coordinate with Petitioners' counsel to ensure that Petitioners are promptly released, with all their property, upon arrival of their ride. Respondents shall file a notice of compliance with the Court.

The Court further **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioners under 8 U.S.C. § 1225 and are **PROHIBITED** from re-arresting and detaining Petitioners under 8 U.S.C. § 1226(a) absent notice, a reasonable opportunity to obtain counsel, and a constitutionally adequate custody determination hearing before a neutral and detached decisionmaker. Respondents are **PERMANENTLY ENJOINED** from imposing any conditions or restraints on Petitioners' liberty (including but not limited to an ankle monitor, curfew, or electronic monitoring) without an individualized assessment of the need for such restraints and a pre-deprivation hearing before a neutral and detached decisionmaker.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER: November 4, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE